*VIA ECF*
August 22, 2025

Honorable Judge Vera M. Scanlon
U.S. Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Ehde v. Brookestone Funding, Inc.*
          Case No. 1:24-cv-06676
          **Letter Motion to Compel**

Dear Judge Scanlon:

      Plaintiff Ehde moves to compel Defendant's appearance at its deposition, moves to extend the discovery period to allow for Defendant's deposition and further supplementation of its deficient production of records, and for sanctions to provide the costs associated with its non-appearance at its properly noticed deposition.

      Consistent with Defendant's dilatory efforts throughout discovery, Defendant failed to appear for its properly noticed corporate representative deposition and refused to confer regarding its failure to appear. Moreover, the deposition is particularly necessary as Defendant has continued to provide deficient, incomplete responses to discovery.

      On July 2, 2025, Plaintiff noticed Defendant's deposition for August 13, 2025 and stated in that email that if there was an issue with the date to provide alternative dates. Defendant failed to appear to its deposition on August 13, 2025.

      Transparently, Defendant's counsel emailed Plaintiff's counsel, at the 11th hour, less than 24 hours before Plaintiff's deposition claiming unavailability. On August 12, 2025, the day before the deposition, Defendant's counsel indicated for the first time that the date did not work for him—only after Plaintiff's counsel sent him the zoom information for the deposition. At the 11th hour, Plaintiff could not cancel the deposition as Plaintiff did not have any other days before the discovery cut off

1

available to reschedule it to (and would already have to incur the cost associated with the deposition). Defendant never filed/contemplated a motion for protective order.

Plaintiff believes sanctions are necessary pursuant to Fed. R. Civ. P. 37(d)/37(b)(2)(A)(i)-(iv) regarding Defendant's inexcusable failure to appear for its deposition, including Defendant's payment of fees and costs associated with the deposition. Defendant's noncooperation in discovery is a recurring trend. Discovery is set to close on August 22, 2025, and Brookestone has repeatedly failed to adequately participate in discovery.

Ultimately, Defendant served deficient discovery responses, refused to confer about them, then served deficient amended discovery responses, failed to appear for its deposition, and refused to confer regarding its failure to appear. Plaintiff's counsel has made repeated attempts to resolve the discovery disputes without the Court's intervention and has been prevented from doing so in a reasonable fashion.

Therefore, Plaintiff respectfully requests that the Court stay all discovery deadlines as to Plaintiff only and enlarge the time to conduct Defendant's deposition for forty-five (45) days, sanction Defendant for its failure to appear at deposition and award Plaintiff fees and costs associated with the August 13, 2025 deposition, and compel Defendant to appear for a deposition within the next forty-five (45) days. No extension should be extended to Defendant as there is no good cause (it is a universal standard that the lack of preparation does not amount to good cause).

Respectfully submitted,
 s/ Avi R. Kaufman
Avi R. Kaufman, Esq.
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Attorney for Plaintiff and the putative class

2