UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DANA EHDE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**BROOKESTONE FUNDING, INC.**, a New York registered company,<br><br>*Defendant.* | **Civil Action No.: 1:24-cv-06676-NCM-VMS**<br><br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS** |

## RESPONSE TO FIRST SET OF DOCUMENT DEMANDS

1. All documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** None.

2. All indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** None.

3. All documents concerning the Plaintiff or her telephone number.

**RESPONSE:** None.

4. All documents concerning outbound telemarketing calls, including, but not limited to, call records, transmission reports, call reports or call logs.

**RESPONSE:** None.

5. All documents concerning policies and procedures relating in any way to telemarketing and/or Telephone Consumer Protection Act compliance by Defendant and/or its agents.

**RESPONSE:** None.

6. All documents identifying the following information concerning recipients of calls, including prerecorded voice calls, made by or on behalf of Defendant: (1) their name, address, email, and phone numbers; and (2) the source(s) from which Defendant obtained the telephone numbers called.

**RESPONSE:** None.

7. All documents identifying the total number of calls, including identification of prerecorded voice calls, made by or on behalf of Defendant.

**RESPONSE:** None.

8. All documents concerning any purported prior, express, written consent from call recipients to receive calls, including prerecorded voice calls, including but not limited to the databases, lists, or other computer systems or equipment Defendant uses to maintain records of a person's purported consent, records Defendant purports evidence consent, any and all user confirmation and/or keystroke records, and any and all manuals or guides for computer systems or equipment used to maintain records of consent.

**RESPONSE:** None.

9. To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff's telephone number based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

**RESPONSE:** None, Dream Data Services would have those documents.

10. For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff visited that website.

**RESPONSE:** None, Dream Data Services would have those documents.

11. To the extent Defendant asserts that Defendant obtained consent or permission to contact call recipients based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission, including documents sufficient to identify the time frame that each page was active and reflecting any change(s) in the consent language on such pages.

**RESPONSE:** None, Dream Data Services would have those documents.

12. Documents sufficient to identify and provide the schema and/or fields maintained in the database in which data posted through each website identified in response to Request No.

11 is stored or recorded.

**RESPONSE:** None, Dream Data Services would have those documents.

13. Documents concerning backups to the databases identified in response to Request No. 12, including documents sufficient to identify where any backups reside, the standard for the backup routines (e.g. full backups, incremental, differential), schedules (e.g. backups taken daily, weekly, monthly), and retention.

**RESPONSE:** None, Dream Data Services would have those documents.

14. For each website identified in response to Request No. 11, all documents sufficient to identify any vendor or third party used for visitor traffic reporting. This includes any companies performing search engine optimization or internet marketing consultants.

**RESPONSE:** None, Dream Data Services would have those documents.

15. All web logs for any website identified in response to Request No. 11, including the following information for each such website: IP Address, Location, Date and Time stamps, User Agent (including but not limited to user browser and operating system), Requested URL, Referring URL, Request Type (i.e. POST, GET), Response Code, and Status.

**RESPONSE:** None, Dream Data Services would have those documents.

16. All documents that identify the website host(s) for any website identified in Request No. 11 and the dates each host was active for each respective website.

**RESPONSE:** None, Dream Data Services would have those documents.

17. All analytics data, including but not limited to Google Analytics, for each website identified in response to Request No. 11.

**RESPONSE:** None, Dream Data Services would have those documents.

18. Recordings of all outbound prerecorded voice calls made by or on behalf of Defendant.

**RESPONSE:** None.

19. All documents concerning lead generation.

**RESPONSE:** None.

20. Documents sufficient to identify every company involved in the making of telemarketing calls, including prerecorded voice calls, on behalf of Defendant, including but not limited to phone carriers, dialing platforms, and/or lead services.

**RESPONSE:** None.

21. Documents sufficient to identify every client relationship management system, program, or platform utilized by Defendant.

**RESPONSE:** Objection to this demand on the basis of relevance. Defendant has identified Vanillasoft in its Interrogatories as relevant call software provider.

22. All contracts or agreements or documents or communications concerning any contracts or agreements between You and any third party concerning the making of calls, including prerecorded voice calls, by or on behalf of Defendant.

**RESPONSE:** None.

23. All documents concerning the manner in which the list(s) of telephone numbers to which telemarketing calls, including prerecorded voice calls, were made by or on behalf of Defendant was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who compiled them.

**RESPONSE:** Objection to this request as overly broad and requesting confidential and proprietary information.

24. All documents concerning the reason(s) why calls, including prerecorded voice calls, were made by or on behalf of Defendant.

**RESPONSE:** None.

25. All documents containing any of the following information for each outbound telemarketing call or prerecorded voice call made by you or your vendors:
a) the date and time;
b) the caller ID;
c) copy of the prerecorded voice call, if any;
d) dialing system used;
e) the result;
f) any stop request;
g) identifying information for the recipient; and
h) any other information stored by the call detail records.

**RESPONSE:** Objection to this request as overly broad, unduly burdensome and requesting confidential and proprietary information.

26. All documents concerning telemarketing calls made by or on behalf of Defendant.

**RESPONSE:** Objection to this request as overly broad, unduly burdensome and requesting confidential and proprietary information. The word "telemarketing" is also undefined.

27. All documents concerning the criteria used to select and/or obtain the telephone numbers to which telemarketing calls were made by or on behalf of Defendant.

**RESPONSE:** None.

28. Documents sufficient to identify all telephone numbers used by or on behalf of Defendant to make outbound calls.

**RESPONSE:** None.

29. All documents concerning Defendant's policies, practices, and/or procedures for making telemarketing calls, including prerecorded voice calls.

**RESPONSE:** Objection to this request as overly broad, unduly burdensome and requesting confidential and proprietary information. The word "telemarketing" is also undefined.

30. All documents concerning complaints or do-not-call requests concerning telemarketing, including, but not limited to, lists or databases containing complaints and metadata about them, and information identifying the complainants. This request includes any complaints to you by mail, email, text live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE:** None.

31. All documents identified in Defendant's initial disclosures or any amendment thereto.

**RESPONSE:** See attached documents.

32. All documents you or your attorney have received in conjunction with any third party subpoena that you have issued in this case.

**RESPONSE:** None.

33. All documents that reflect or include the opinions of any expert witnesses you have retained or intend to use in this case, and
a. all documents that such expert relied on to form such opinions;
b. all documents created by the expert in the course of preparing an opinion;
c. all documents provided to the expert by you or your attorney, including documents identifying assumptions relied on by the expert;
d. all documents provided by the expert to you or your attorney;
e. all documents reviewed by the expert in connection with this litigation;
f. all documents that memorialize the terms upon which the expert has been retained by you or your attorney to serve as an expert in this litigation;
g. all time and billing records (including detailed billing records that describes the

work performed) for the work performed or costs incurred by the expert with respect to this litigation;

h. all documents which reflect the expert's compensation with respect to this litigation;

i. a copy of the expert's curriculum vitae ("C.V.") or resume;

j. a copy of all articles, studies, books, or other documents upon which the expert has relied in forming his/her opinion in this litigation;

k. a listing of all articles, studies, books, or other publications authored in whole or in part by the expert; and

l. the expert's entire file related to his/her engagement as an expert for you in this litigation.

**RESPONSE:** None at this time.

34. All documents you intend to attach to declarations or affidavits or use as exhibits as support for your opposition to any class certification motion, your summary judgment motion, or your opposition to any summary judgment motion, or as exhibits at any class certification hearing or trial.

**RESPONSE:** None at this time.

35. All written statements, declarations, or affidavits you or your attorney have obtained from any person or entity related to the subject matter of this case.

**RESPONSE:** None at this time.

36. All documents used to prepare or referenced in your Answer and Affirmative Defenses.

**RESPONSE:** See attached documents.

37. All documents used to prepare or referenced in your answer to any interrogatory served by Plaintiff in this matter.

**RESPONSE:** See attached documents.

38. If any documents responsive to any of the above requests are in the hands of third parties or a vendor, produce documents sufficient to identify those third parties or vendors.

**RESPONSE:** See attached documents.