**LAW OFFICES OF ALEXANDER SCHACHTEL**
**101 HUDSON STREET, STE. 2109**
**JERSEY CITY, NEW JERSEY 07302**

Alexander Schachtel, Esq.
Direct Dial: 201-925-0660
E-mail: xschachtel@gmail.com

October 8, 2025

**VIA ECF ONLY**
Honorable Judge Vera M. Scanlon
U.S. Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:               **Response to Plaintiff's October 3, 2025 Letter Motion**

       Case Caption:      **Ehde v. Brookestone Funding Inc., et. al.**
       Docket No:         **1:24-cv-06676-NCM-VMS**
       Our Client:          **Brookestone Funding Inc.**

Dear Judge Scanlon:

       Please accept this correspondence in lieu of more formal opposition as Defendant's objection to the letter motion filed by Plaintiff's counsel on October 3, 2025. Plaintiff requests relief by way of order compelling Defendant to disclose all "records of calls [made] by or on behalf of Defendant (a) made using the same dialing system Defendant used to call Plaintiff and (b) [] telephone numbers obtained from the same lead vendor that Defendant obtained Plaintiff's telephone number from." Plaintiff also requests sanctions and an order extending the deadline for expert discovery.

       This lawsuit arises from a putative class action filed by Dana Ehde, who claims that Defendant contacted her phone number in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff has filed this case as a class action lawsuit but has failed to identify any other members of its class or to apply for class certification. Defendant is a company brokering working capital loans to private companies and individuals. Plaintiff now seeks overbroad discovery from Defendant, demanding the production of all outbound call records which were made using its primary CRM software and outbound assisted-dialing service called "Vanillasoft." There are no time limitations, geographic limitations, or other qualifiers on the document demands.

       Plaintiff has made no showing of how or why the requested telephone records are likely to provide discoverable evidence to establish its class pursuant to R. 23.

       If the court requires production of these outbound call records, it would result in the disclosure of the names and telephone numbers of hundreds of persons who were contacted by Defendant during the normal course of its business operations, and who have, at this time, expressed no interest in joining the Plaintiff's lawsuit and have not indicated in any way that

they believe they were wrongfully contacted or solicited. Many of the individuals that Plaintiff's counsel seeks to contact are actual or prospective clients of the Defendant, and thus Defendant has a proprietary interest in preserving the economic value of those relationships. Defendant also has an interest in protecting its reputation by not allowing its customers to receive solicitations from opposing litigants accusing them of violating the TCPA. Defendant also has an interest in preserving the privacy of its own trade secrets, which are the customer and prospective customer lists and contact information that Plaintiff is essentially demanding through its broad discovery. Finally, the individuals themselves, whose names, addresses and phone numbers would be disclosed to Plaintiff's counsel, have a privacy interest in not being subject to unwanted solicitation by an attorney seeking to build-out its roster of class action participants.

At this stage, where a class has not yet been certified, the Court has discretion as to whether to compel the production of names and contact information. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Contrary to the non-binding and foreign authority set forth in Plaintiff's letter, in fact, courts in this jurisdiction have expressed reluctance to compel broad precertification class discovery in the manner demanded by Plaintiff.

While pre-certification discovery is often necessary to provide the court with sufficient information to determine whether class certification is appropriate, See *Hernandez v. NHR Human Resources, LLC*, 2021 U.S. Dist. LEXIS 115242, 2021 WL 2535534, at *18 (S.D.N.Y. June 18, 2021) (quoting *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 U.S. Dist. LEXIS 37642, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007)); *see also Hegazy v. Halal Guys, Inc.*, 2023 U.S. Dist. LEXIS 117112, 2023 WL 4405804, at *2 (July 7, 2023); "at the same … 'the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas.'" *Beaton v. Verizon New York, Inc.*, 2020 U.S. Dist. LEXIS 205013, 2020 WL 6449235, at *2-3 (E.D.N.Y. Nov. 3, 2020) (quoting *Rahman*, 2007 U.S. Dist. LEXIS 37642, 2007 WL 1521117, at *3).

[C]ourts in this district have proved 'very cautious about compelling disclosure of the identities and contact information of putative class members" at the pre-certification stage. *Beaton*, 2020 U.S. Dist. LEXIS 205013, 2020 WL 6449235, at *2-3 (quoting *Charles v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 143487, 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010)). The prevailing view in this District is that set forth by Magistrate Judge Cott in *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, which is generally to impose limitations on pre-certification class discovery in the manner requested by Plaintiff here.

Indeed, to ensure the privacy of putative class members and to protect against the risk of discovery being used improperly by counsel to troll for potential clients, pre certification discovery of identifying information for putative class members is entertained only on a showing that such discovery is necessary for the plaintiff to support her assertions under Rule 23. *Id.* at 492; *see also Hegazy*, 2023 U.S. Dist. LEXIS 117112, 2023 WL 4405804, at *5; *Hernandez*, 2021 U.S. Dist. LEXIS 115242, 2021 WL 2535534, at *19. This rule was implemented to limit attorneys who may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, No. 05-CV-4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 33011, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (collecting cases).

In certain instances, such as wage and hour class action lawsuits, pre-class certification discovery of putative class member contact information is permissible to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria. *Id*. However, in other situations, courts have required Plaintiffs to demonstrate how the requested contact information would support the class-certification requirements of commonality, predominance and typicality. *Gordon v. Kaleida Health*, No. 08-CV-378S (LGF), 2012 U.S. Dist. LEXIS 16443, 2012 WL 432885, at *4 (W.D.N.Y. Feb. 9, 2012).

Here, Plaintiff has made no such showing that the requested information is necessary to establish its class and that the information is not being requested solely for the purpose of trolling for new prospective clients. Therefore, Plaintiff's request to compel the production of the requested documents should be denied. Plaintiff's motion for sanctions and to extend the deadline for service of an expert report should also be denied, as Defendant's objections to prior discovery requests for the demanded information were properly founded.

Respectfully Submitted,

*/s/ Alexander Schachtel*

Alexander Schachtel, Esq.